# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| v. | ) ) **COMPLAINT** |
| | ) **AND JURY TRIAL DEMAND** |
| JDKD ENTERPRISES, L.P., | ) ) |
| Defendant. | ) ) |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 ("ADA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Anthony Cardone ("Cardone"), who was adversely affected by such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission (the "Commission") alleges that Defendant JDKD Enterprises, LP ("Defendant") discriminated against Cardone by terminating him because of his disability and by not reasonably accommodating him if Defendant believed that he was in need of an accommodation.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act or 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 198la.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3. Plaintiff U.S. Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action under Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, a New Jersey limited partnership, has continuously been doing business in the State of New Jersey and the City of Sewell and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701 (g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. In each calendar year 2018 through the present, Defendant continuously employed more than 500 employees.

## ADMINISTRATIVE PROCEDURES

8. More than 30 days prior to the institution of this lawsuit, Cardone filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant.

9. Defendant received a copy of the Charge and participated in EEOC's investigation, including by communicating with Commission enforcement staff and responding to requests from the Commission for a position statement, information, and documents.

10. On February 11, 2021, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant had violated the ADA and invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. Subsequently, the Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the unlawful employment practices described in the Letter of Determination on terms acceptable to the Commission.

12. The Commission was unable to secure from Defendant a conciliation agreement containing terms acceptable to the Commission.

13. On July 22, 2021, the Commission issued to Defendant a Notice of Failure of Conciliation.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

### FACTS

15. At all relevant times, Cardone has had a mental impairment, autism spectrum disorder, that substantially limits his major life activities, including but not limited to learning, reading, thinking, concentrating, and communicating, and major bodily functions, including but not limited to his neurological function.

16. Cardone's autism spectrum disorder is obvious from how he communicates with others and it causes him to have difficulty in modulating his voice, and when he becomes agitated,

his may speak more loudly, and he may engage in what is known as self-stimulatory behavior, including rocking back and forth.

17. The manifestations of Cardone's autism spectrum disorder described in Paragraph 16 were evident throughout his employment with McDonalds, including at the end of his employment.

18. Cardone began working for McDonald's as a grill cook in 1981.

19. In 2008, Cardone began working as a grill cook at the McDonald's store located in Deptford, New Jersey.

20. Defendant assumed ownership of the Deptford, New Jersey McDonald's in or around March 2018.

21. Cardone continued his employment with Defendant upon it assuming ownership of the Deptford, New Jersey McDonald's.

22. Prior to Defendant assuming ownership of the Deptford, New Jersey McDonald's, Cardone had received numerous awards and accolades acknowledging his excellent job performance during his 37-years working for McDonald's.

23. Cardone's performance remained excellent throughout his employment at the Deptford, New Jersey McDonald's after Defendant assumed ownership.

24. On May 14, 2018, Cardone's autism spectrum disorder caused him to become agitated and to raise his voice while he was working at the Deptford, New Jersey McDonald's.

25. To the extent that Defendant believed that Cardone's job performance or conduct was deficient, Defendant did not engage in a good faith interactive process to address Cardone's autism spectrum disorder or its manifestations, or to determine whether a reasonable accommodation was available.

26. Instead, on May 14, 2018, Defendant terminated Cardone.

27. Defendant terminated Cardone on the basis of his disability, and/or the manifestations of his disability, and/or based on the need to make reasonable accommodation to the mental impairment of Cardone.

28. At all relevant times, Cardone was qualified to perform with or without reasonable accommodation, the essential functions of the job of grill cook for McDonald's, where he had worked for 37 years.

29. At all relevant times, Cardone was an individual with a disability within the meaning of the ADA.

30. Cardone is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 & 12111(8).

## STATEMENT OF CLAIMS

31. As described above, since on or about May 14, 2018, Defendant subjected Cardone to unlawful employment practices on the basis of his disability in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a), and Section 102(b)(5)(A) and (B) of the ADA, 42 U.S.C. § 12112(b)(5)(A) and (B), by failing to engage Cardone in an interactive process or provide him with a reasonable accommodation for his disability, and by terminating Cardone on the basis of his disability or the manifestations of his disability, and/or based on the need to provide reasonable accommodations to Cardone.

32. As a direct and proximate cause of this violation of his rights under the ADA, Cardone has suffered damages in the form of past pecuniary losses. In addition, he has suffered emotional distress, pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

33. The unlawful employment practices complained above were intentional.

34. The unlawful employment practices complained of above were done with malice or reckless indifference to Cardone's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

a. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from discriminating against its employees on the basis of disability, from refusing to reasonably accommodate any individual with a disability, and from engaging in other unlawful employment practices that discriminate on the basis of disability.

b. Order Defendant to institute and carry out training, policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities, that ensure employees are not subjected to discrimination, including but not limited to implementation of a set of approved training, policies, practices, and programs pertaining to all Defendant's locations and any business operations related thereto, and that are designed to eradicate the effects of Defendant's past and present unlawful employment practices.

c. Order Defendant to submit periodic reports to the Commission identifying all complaints or observations of potential disability harassment, disability discrimination, or retaliation, interference, threats, coercion, or intimidation for exercise or enjoyment of rights protected by the ADA that pertain to its stores, and any corrective actions taken in response to those complaints or observations.

      d.      Order Defendant to make whole Cardone by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

      e.      Order Defendant to make whole Cardone by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

      f.      Order Defendant to make whole Cardone by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above, including emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      g.      Order Defendant to pay Cardone punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

      h.      Grant such further relief as the Court deems to be necessary and proper in the public interest.

      i.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMANDED</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

      Respectfully submitted,

      U.S. EQUAL EMPLOYMENT
      OPPORTUNITY COMMISSION

      Gwendolyn Young Reams
      Acting General Counsel
      Washington, DC

      Debra M. Lawrence
      Regional Attorney
      EEOC – Philadelphia District Office

          /s/ Maria Luisa Morocco
          MARIA LUISA MOROCCO
          Supervisory Trial Attorney

          /s/ Joshua E. Zugerman
          JOSHUA E. ZUGERMAN
          Trial Attorney
          Philadelphia District Office
          801 Market Street, Suite 1000
          Philadelphia, PA 19107
          Phone: (267) 589-9763
          Fax: (215) 440-2848
          joshua.zugerman@eeoc.gov

DATED: September 2, 2021          ATTORNEYS FOR PLAINTIFF