## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:21-cv-16441 |
| v. | ) ) ) | |
| JDKD Enterprises, L.P., | ) ) | |
| Defendant. | ) ) ) | |

### CONSENT DECREE

This Action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission ("the Commission"), against JDKD Enterprises, L.P. ("Defendant"), alleging violations of Sections 102(a) and 102(b)(5)(A) of the Americans With Disabilities Act of 1990, as amended ("the ADA"), 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission alleged that Defendant subjected former employee Anthony Cardone ("Cardone") to discrimination by failing to engage in the interactive process or provide him a reasonable accommodation for his disability. The Commission also alleged that Defendant discriminated against Cardone when it terminated his employment because of his disability or the manifestations of his disability, and/or based on the need to provide him with reasonable accommodations.

The Commission and Defendant desire to resolve this action without the time and expense of continued litigation and they desire to formulate a plan, to be embodied in a Consent Decree ("Decree"), that will resolve the Commission's claims and promote and effectuate the purposes of the ADA. This Decree does not constitute adjudication on the merits of the Commission's case, and it shall not be construed as a waiver by the Commission of any contentions of discrimination.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure, and the ADA. Therefore, upon due consideration of the record herein,

It is **ORDERED, ADJUDGED, AND DECREED:**

1.      This Decree resolves all claims alleged in the Complaint filed by the Commission in this ADA action in the United States District Court for the District of New Jersey under Civil Action No. 1:21-cv-16441, which emanated from the Charge of Discrimination filed by Anthony Cardone, EEOC Charge No. 530-2018-04317.

2.      This Decree shall be in effect for a period of two (2) years from the date it is entered by the Court.

3.      Defendant plans to cease its active business operations on December 31, 2022. If Defendant does cease its active business operations, the terms contained in Paragraphs 4, 5, 6, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, and 23 will not go into effect. If, however, during the life of this Decree, Defendant resumes operation of its business and employs fifteen (15) or more employees, the terms contained in Paragraphs 4, 5, 6, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, and 23 will go in effect for the life of the Decree, with the deadlines contained in Paragraphs 12, 14, 15, 18, and 20, which currently run from the "date of entry of the Decree," instead running from the date of the resumption of active business operations. If Defendant does cease its active business operations, Defendant shall notify the Commission's counsel of record at the Philadelphia District Office within fourteen (14) days of the cessation. If during the life of this Decree, Defendant resumes operation of its business, Defendant shall notify the Commission's counsel of record at the Philadelphia District Office within fourteen (14) days of the resumption of business operations.

2

## NON-DISCRIMINATION

4.      Defendant and its officers, directors, and employees are hereby enjoined from violating the ADA and will not discriminate nor take adverse employment actions against qualified individuals on the basis of their disabilities or on the basis of the need to accommodate their disabilities, and further shall engage in the interactive process to provide reasonable accommodations to such qualified disabled individuals.

5.      Defendant shall not retaliate, coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of any right granted and protected by the ADA.

## COVERED FACILITIES

6.      The provisions of this Decree shall apply only to all of Defendant's facilities, worksites, and locations of its operations.

## MONETARY RELIEF

7.      Defendant shall pay Cardone a total of $100,000 in monetary relief. This figure represents $14,996.00 in lost wages and non-wage compensation ("back pay"), $2,051.00 in interest on back pay, and $82,953 in damages under 42 U.S.C. § 1981a ("1981a damages").

8.      For back pay, Defendant shall withhold all applicable employee taxes and statutory deductions from the payment to Cardone. Defendant's required employer contributions, including those under FICA, are separate from, and shall not be deducted from, the back pay payment.

A.      Defendant shall report the back pay payment, and applicable withholdings, to the IRS and Cardone via an IRS Form W-2. The Commission will supply Defendant with an updated IRS Form W-4 for Cardone.

B.      Defendant shall also prepare and submit to the Social Security Administration the Special Report as explained in IRS Publication 957 to ensure that the backpay,

3

which constitutes earnings attributable to the time period of May 2018 through February 2019, is credited to that time period.

9.      For interest and 1981a damages, withholdings and deductions shall not apply. Defendant shall report such payments to the IRS and Cardone via an IRS Form 1099.

10.     Subsequent to the entry of the Decree, EEOC shall send Defendant, via e-mail to Defendant's counsel of record, a letter containing instructions for the remittance of the payments due under Paragraph 7 of this Decree. Payment in compliance with this letter shall be made within thirty (30) days of receipt of the letter by Defendant's counsel of record.

11.     Within three (3) days of such payment under Paragraph 10, Defendant shall send a photocopy of the check(s), along with a photocopy of the certified mail receipt or other documentation of delivery, to the Commission's counsel of record at the Philadelphia District Office.

## ADA POLICY AND DISSEMINATION

12.     Within sixty (60) days from the date of entry of the Decree, Defendant will:

A.      Implement and disseminate to every current employee, post at all locations where notices to employees customarily are posted, and begin disseminating to new hires, a written ADA policy that guarantees efforts to provide reasonable accommodations to qualified individuals with disabilities, including affirmatively engaging in the interactive process with those with apparent disabilities to determine whether any such employee requires reasonable accommodations to enable them to perform the essential functions of their job or to enjoy equal benefits or privileges of employment, that prohibits adverse employment actions on the basis of disability or based on the need to provide reasonable accommodations, and that provides information on how and to whom to assert a complaint of disability discrimination;

B.      begin notifying all applicants in writing of their right under the ADA to request reasonable accommodations, and the process for doing so;

C.      designate specific individuals or positions to which requests for accommodations should be directed by applicants or employees, as agreed to by the EEOC prior to the filing of this Decree; and

D.      disseminate to every current employee, and begin disseminating to new hires, a written description of the procedures for requesting a reasonable accommodation, for engaging in the interactive process with Defendant for identifying possible reasonable accommodations, and for receiving notification of Defendant's response to any request for accommodation.

13.      Within fifteen (15) days of the dissemination of the ADA policy and procedures to existing employees, as set forth in paragraph 11, subsections (A) and (D), Defendant shall provide to the Commission's counsel of record at the Philadelphia District Office a copy of the ADA policy and procedures and a declaration from a responsible Defendant official authenticating the policy and verifying that it has been disseminated or made available to all employees.

## **TRAINING**

14.      Within sixty (60) days from the date of entry of the Decree, Defendant shall provide no less than two (2) hours of training for all management personnel and all persons with job duties that relate to processing, investigating, reviewing, and/or making decisions concerning requests for reasonable accommodations, receiving complaints of disability discrimination and/or retaliation, conducting disability discrimination and/or retaliation investigations, and/or making decisions regarding ADA compliance ("Management/HR Personnel"). The training shall be provided by a third-party attorney, human resources consultant, or similar professional with

5

expertise in ADA compliance. The training will include the following: (1) an explanation of the ADA with an emphasis on reasonable accommodation and the interactive process; (2) employees' rights under the ADA; (3) Defendant's duty not to discriminate against qualified individuals based on their disabilities or their need for reasonable accommodation, and Defendant's duty to provide reasonable accommodations to qualified individuals with disabilities; (4) an explanation of Defendant's ADA policy and procedures; and (5) Management/HR Personnel's role in in ensuring that employees who need reasonable accommodations receive such accommodations and the steps Management/HR Personnel are expected to take to ensure Defendant's compliance with the ADA. Defendant shall provide this training to all new Management/HR Personnel within seven (7) days of their hire, promotion, or transfer. Such training may be conducted via a video recording of the initial live training session.

15.     Within sixty (60) days from the date of entry of the Decree, Defendant shall provide no less than one and a half (1.5) hours of training for all other employees not covered by Paragraph 13. The training shall be provided by a third-party attorney, human resources consultant, or similar professional with expertise in ADA compliance. The training will include the following: (1) an explanation of the ADA with an emphasis on reasonable accommodation and the interactive process; (2) employees' rights under the ADA; (3) Defendant's duty not to discriminate against qualified individuals based on their disabilities or their need for a reasonable accommodation, and Defendant's duty to provide reasonable accommodations to qualified individuals with disabilities; and (4) an explanation of Defendant's ADA policy and procedures. Defendant shall provide this training to all non-Management/HR Personnel within twenty-eight (28) days of the employee's hire, promotion, or transfer. Such training may be conducted via video recording of the initial live training session.

6

16.     Within thirty (30) days of the training required under Paragraphs 14 and 15, Defendant shall provide certification to the Commission's counsel of record at the Philadelphia District Office that the training has occurred. This certification shall include the dates, times, locations of the training, and the identities of all trainers and attendees.

17.     Defendant will bear all expenses of the training required under Paragraphs 14 and 15.

## POSTING

18.     Within thirty (30) days after entry of the Decree, Defendant shall post, in all places where notices to employees customarily are posted at all of Defendant's member facilities, worksites, and other locations of its operations, the Notice attached hereto as Exhibit A and made a part hereof. Said Notice shall be posted and maintained for the life of the Decree with the date of actual posting shown thereon. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant shall ensure that new, readable copies of the Notice are posted in the same manner as heretofore specified. Within ten (10) days of completion of the required posting, Defendant shall forward to the Commission's counsel of record at the Philadelphia District Office a copy of the signed Notice attached hereto, written certification that the Notice referenced herein has been posted as required, and a statement of the locations and date(s) of posting.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

19.     This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree including, but not limited to, monetary sanctions and injunctive relief.

A.     Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Decree. Each party shall bear its own costs, expenses

7

and attorneys' fees incurred in connection with such action; and

   B. Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the District of New Jersey.

<u>**REPORTING REQUIREMENTS**</u>

   20. Every three (3) months, commencing three (3) months after the entry of this Decree by the Court, Defendant shall provide written reports to the Commission identifying all complaints of disability discrimination for the preceding three-month period. The final written report shall be due ten (10) days prior to the expiration of this Decree.

   21. Each report shall identify all persons who complained to Defendant of disability discrimination during the reporting period, any witnesses to such alleged matters, and any persons allegedly involved in the reported discriminatory employment decisions and/or conduct. Such identification shall include: the name, address, and telephone numbers for each person who complained about the conduct at issue; the name, address, and telephone numbers for each person whom each complainant identified as a potential witness; the name, address, and telephone numbers for each person whom Defendant contacted, interviewed, or otherwise obtained information from concerning the complaint; and the name, address, and telephone numbers for each person who was alleged to have engaged in discriminatory conduct.

   22. Each report shall include a detailed description of all action taken in response to each complaint and shall include copies of all documents reflecting the action(s) Defendant took to investigate each complaint and copies of any statements obtained.

   23. Each report shall include a certification by Defendant that the Notice required to be posted pursuant to this Decree remained posted during the entire period required.

**MISCELLANEOUS**

24.     The Commission and the Defendant shall bear their own costs and attorneys' fees.

25.     If any provision(s) of this Decree is found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions will remain in full force and effect.

26.     The terms of the Decree are and shall be binding only upon (a) Defendant; (b) all present and future parents of Defendant; (c) all present and future subsidiaries of Defendant; and (d) all present and future owners, directors, and employees of Defendant.  The terms of the Decree are not and shall not be binding on any company, entity, organization, or person that is not described in the preceding sentence under subsections (a)-(d).

27.     When this Decree requires the submission of any documents to the Commission, if not otherwise indicated in the Decree or Attachments, they shall be mailed by certified mail to the Commission's counsel of record at the Philadelphia District Office.

The undersigned counsel of record hereby consent to the entry of the foregoing Consent Decree.

**FOR PLAINTIFF**
**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**

/s/ Debra M. Lawrence
DEBRA M. LAWRENCE
Regional Attorney

/s/ Maria L. Morroco
MARIA L. MOROCCO
Assistant Regional Attorney

/s/ Joshua E. Zugerman
JOSHUA E. ZUGERMAN
Trial Attorney
U.S. Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, Suite 1000
Philadelphia, PA 19107-3127
Phone: (267) 589-9763
Fax:     (215) 440-2848
joshua.zugerman@eeoc.gov

**FOR DEFENDANT**
**JDKD ENTERPRISES, L.P.**

/s/ Justin A. Britton
Justin A. Britton
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.
Cherry Tree Corporate Center
Suite 501
535 Route 38 East
Cherry Hill, NJ 08002
Phone: (856) 663-4300
Fax:     (856) 663-4439
jbritton@moodklaw.com

**IT IS SO ORDERED:**

Signed and entered this _14th_ day of _December_, 2022.

Hon. Joseph H. Rodriguez, United States District Judge
United States District Court for the District of New Jersey

10

# EXHIBIT A



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## POSTED PURSUANT TO FEDERAL COURT ORDER

This Notice is being posted pursuant to a federal court order voluntarily resolving a disability discrimination lawsuit brought by the United States Equal Employment Opportunity Commission (the "Commission") against the JDKD Enterprises, L.P. ("JDKD") in the United States District Court for the District of New Jersey. In that lawsuit, *EEOC v. JDKD Enterprises, L.P.*, Case No. 1:21-cv-16441, the Commission alleged that JDKD violated the Americans with Disabilities Act of 1990, as amended (the "ADA"). 42 U.S.C. Section 12101, *et seq*.

The Commission is a federal agency which investigates charges of unlawful employment discrimination and brings lawsuits in federal court to enforce the ADA. The ADA prohibits discrimination against qualified employees and applicants with disabilities. Under the ADA, employers are required to provide qualified employees or applicants with a disability a reasonable accommodation, absent undue hardship, that permits him/her her to perform the essential functions of his/her existing or desired position or to enjoy equal benefits or privileges of employment. Employers are affirmatively required to engage in an interactive process to provide reasonable accommodations to employees with a disability. Further, federal law prohibits retaliation against individuals for engaging in protected activity, which can include, for example, requesting a reasonable accommodation, filing a charge with the Commission, or otherwise assisting or participating in an employment discrimination investigation, hearing, or proceeding.

To resolve this lawsuit, JDKD and the Commission have entered into a Consent Decree which provides, among other things, that JDKD (1) will not discriminate on the basis of disability; (2) will engage in the interactive process to provide reasonable accommodations to disabled employees, including medical leave and assistance to perform the essential duties of employment; (3) will train all employees concerning the federal laws prohibiting disability discrimination, reasonable accommodations, and JDKD's policies on these matters; and (4) will distribute to all employees of JDKD an ADA reasonable accommodation policy.

If you believe you have been discriminated against, you may contact the Commission at (800) 669-4000 or (267) 589-9700, or email the Philadelphia District Office at PDOContact@eeoc.gov. This Notice must remain posted for two years from the date below and must not be altered, defaced, or covered by any other material.


Dated: _____        _____

                                        JDKD Enterprises, L.P.